UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MARK STEVEN CROUCH,

    Plaintiff(s),

v.

ROBERT EUG MALONE AND B&J
TRUCKING SERVICES, INC.,

    Defendant(s).
_____/

## NOTICE OF PETITION OF REMOVAL BY DEFENDANTS, ROBERT EUG MALONE AND B&J TRUCKING SERVICES, INC.

Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC, by and through their undersigned counsel and pursuant to 28 U.S.C.A. §1446(d), hereby files this Notice of Removal of Cause pursuant to 28 U.S.C.A. §1441, *et seq.*, and 28 U.S.C.A. §1332, to remove to the United States District Court, Middle District of Florida, (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 10TH Judicial Circuit, in and for Polk County, Florida (the "State Court"), Case No: 2022-CA-003820, and styled MARK STEVEN CROUCH v. ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC.,. In support of this Notice of Removal of Cause, the following is averred:

# **COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PROPER PARTIES**

1. Plaintiff, MARK STEVEN CROUCH, served Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC., with his Complaints on November 28, 2022 and January 20, 2023, respectively. See Amended Complaint issued to both Defendants, attached hereto and incorporated herein as **Exhibit "A."**

2. Defendant served Request for Admissions, herein **Exhibit "B"** seeking admission that amount in dispute is greater than seventy-five thousand dollars ($75,000.00) and deadline for response was March 2, 2023.

3. Plaintiff filed a response to the Requests for Admissions, on or about March 7, 2023. See Plaintiff's Response to Requests for Admissions attached hereto and incorporated herein as **Exhibit "C."**

4. At all times material hereto, the Plaintiff, MARK CROUCH, is and was a Florida citizen. See Plaintiff's Response #3 to Defendants' Requests for Admissions, **Exhibit C**.

5. At all times material hereto, the Defendant, ROBERT EUG MALONE, is and was a Kentucky citizen. See Affidavit attached hereto and incorporated herein as **Exhibit "D"** pursuant to 28 U.S.C. §1446 and local rules, and See Plaintiff's Response #4 and #5 to Defendants' Requests for Admissions, **Exhibit C**.

6. At all times material hereto, the Defendant, B&J TRUCKING SERVICES, INC., is and was a foreign corporation located in the state of Indiana. See Affidavit, attached hereto and incorporated herein as **Exhibit "E"** pursuant to 28 U.S.C. §1446 and local rules, and See Plaintiff's Response #4 and #6 to Defendants' Requests for Admissions, **Exhibit C**.

7. This Notice of Removal of Cause is founded upon and based upon diversity of citizenship jurisdiction pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §1441.

8. The State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. §1441 and 28 U.S.C. §1332.

9. 28 U.S.C. §1441 (a) provides, in relevant part:

   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.

10. 28 U.S.C. §1441(b) provides:

    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served

as defendants is a citizen of the State in which such action is brought.

11. 28 U.S.C. §1332 provides, in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... (1) Citizens of different States.

12. Subsection (c) of 28 U.S.C. § 1332 provides:

For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…

13. 28 U.S.C. § 1446(b) provides, in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. **If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**…. (emphasis added).

14. Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC., have filed with the Clerk of the State Court a true and correct copy of this Notice of Removal of Cause pursuant to 28 U.S.C.A. §1446(d).

15. Attached hereto and incorporated herein as **Composite Exhibit "F"** are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

16. In accordance with 28 U.S.C.A. §1446(b)(3), the original Notice of Removal of Cause is timely filed within thirty (30) days after receipt by Defendant, through service of Plaintiff's Responses to Request for Admissions, dated March 7, 2023, from which it may be ascertained that the case is one which is removable. There has been no waiver by the Defendant of any rights to remove this cause to the Federal Court. Plaintiff's Responses to Defendant's Requests for Admissions state, in pertinent part:

> 1. Admit of deny that the total amount of any and all types of damages you are claiming in this action is more than $75,000.00, exclusive of interest and costs.
> **Response: Admit**.
>
> 2. Admit or deny that the total amount of any and all types of damages you are claiming in this action is less than $75,000.00, exclusive of interest and costs.
> **Response: Deny**.

Please see Plaintiff's Reponses #1 and #2 to Defendants' Requests for Admissions. **Exhibit C**.

17. As to citizenship of the Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC., Paragraph 3 of Plaintiff's Responses to Requests for Admissions, admits that Plaintiff, Mark Steven Crouch is a citizen

domiciled in the state of Florida. **Exhibit C**. Paragraph 4 of Plaintiff's Responses to Requests for Admissions, admits that both Defendants are non-residents of the state of Florida. **Exhibit C**. Paragraph 5 of Plaintiff's Responses to Requests for Admissions, admits that, at all times material hereto, Defendant, ROBERT EUG MALONE was a non-residents of Florida and was domiciled in the State of Kentucky. **Exhibit C**. Additionally, the Affidavit of Robert Eug Malone, attached hereto as **Exhibit D**, also makes clear that Defendant, Robert Eug Malone is (and was at all times material to this lawsuit) a permanent resident and citizen of the State of Kentucky, residing at 195 Ray's Road, Vine Grove, Kentucky 40175. **Exhibit D**.

18. Further, Paragraph 6 of Plaintiff's Responses to Requests for Admissions, admits that, at all times material hereto, Defendant, B&J TRUCKING SERVICES, INC., was a non-resident of Florida and was a foreign corporation located in the state of Indiana. **Exhibit C**. Additionally, the Affidavit of B&J Trucking Services, Inc., attached hereto as **Exhibit E**, also makes clear that Defendant, B&J Trucking Services, Inc., is an Indiana corporation with its priniciple place of business located at 4201 Utica-Sellersburg Road, Jeffersonville, IN 47130. **Exhibit E**.

19. This Court may consider other filings as well as the allegations contained in Plaintiff's Complaint. *Huchon v. Jankowski,* 2007 WL 221421 at *2

(S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE) citing *Davis v. Cluet, Peabody & Co.*, 667 F. 2d 1371, 1373 (11th Cir. 1982).

20. Based upon the foregoing, for purposes of diversity jurisdiction the Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC., could only be considered citizens of Kentucky and Indiana respectively; not Florida.

21. Moreover, there are no allegations that the Plaintiff is a citizen of Kentucky or Indiana. In fact, the Plaintiff has conclusively established as a matter of law that he is a citizen of the State of Florida. See Plaintiff's Amended Complaint, attached as **Exhibit A**, and Plaintiff's response # 3 to Defendant's First Request for Admissions, served on March 7, 2023, **Exhibit C**.

## AMOUNT IN CONTROVERSY

22. Plaintiff has alleged in his Amended Complaint that Defendants are liable for his alleged damages; he generally pled that "This is an action for damages that **exceeds $30,000.00**, exclusive of costs, interest and attorney's fees." (Emphasis added). **Exhibit A**.

23. However, his claim for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, is expressly admitted in Plaintiff's Response to Request for Admissions numbers 1 and 2, served on March 7, 2023, attached hereto and incorporated herein as **Exhibit C.**

24. When a plaintiff files the case in state court and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional requirements. *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316 (11th Cir. 2001).

25. Based upon the factual allegations in the Complaint read in conjunction with the Plaintiff's Responses to Defendants' Requests for Admission, specifically as it relates to the amount of damages Plaintiff is seeking in this lawsuit, the amount in controversy in this action exceeds the jurisdictional requirements of this Court; in his responses to Defendants' Requests for Admission numbers 1 and 2, the Plaintiff clearly establishes that he seeks damages in excess of $75,000. **Exhibit C.**

26. A defendant may use a variety of documents as an "other paper" under 28 U.S.C. §1446(b) to determine if the case is removable. *Essenson v. Coale*, 848 F. Supp. 987 (M.D. Fla. 1994), cited in *Martin v. Mentor Corporation,* 142 F. Supp. 2d 1346 (M.D. Fla. 2001).

27. To establish jurisdiction, a removing defendant may rely upon the factual representations of a plaintiff, including a plaintiff's valuation of the case. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002).

28. The above information, specifically the Plaintiff's Responses to Defendant's Requests for Admission numbers 1 and 2, can only lead to the conclusion that the amount in controversy in this matter exceeds $75,000. **Exhibit C**.

29. Further, the attached Affidavit of Robert Eug Malone (**Exhibit D**) and Affidavit of B&J Trucking Services, Inc. (**Exhibit E**), together with the Plaintiff's admissions contained in Plaintiff's Responses to Defendant's Requests for Admissions (**Exhibit C**), clearly establish that diversity of citizenship exists between Plaintiff and all Defendants in this matter.

30. The undersigned counsel is attorney of record for Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICE, INC., and have been specifically authorized to act on behalf of Defendants in seeking removal of this cause to the Federal Court. There are no other additional Defendants named in the Amended Complaint, brought by the Plaintiff, by whom approval must be made or given with respect to this Notice of Removal of Cause.

31. Pursuant to 28 U.S.C. §1446(b), the Defendant served written notice on the Plaintiff of this Notice of Removal. The Defendant filed and served a true and correct copy of the Notice of Filing Notice of Removal with the State Court as required by 28 U.S.C. §1446(d). **Exhibit G.**

WHEREFORE, Defendants, ROBERT EUG MALONE and B&J TRUCKING SERVICES, INC., hereby petition this Court for entry of an Order removing this cause from the Circuit Court of the 10th Judicial Circuit, in and for Polk, Florida, to the United States District Court, Middle District of Florida, and further demand enjoining prosecution by the Plaintiff in the State Court proceedings and further directing that the State Court action shall proceed no further and last until and unless further Order of Remand is forthcoming from this Court.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 27th day of March, 2023.

> LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
> Attorneys for Defendant
> 1422 HENDRY STREET
> 3rd Floor
> FORT MYERS, FL 33901
> Telephone: (239) 561-2828
> Facsimile: (239) 561-2841
>
> By: s/ Patrick M. Boland
> HOWARD W. HOLDEN
> Florida Bar No.: 814067
> Patrick M. Boland
> Florida Bar No.: 93896
> LUKSFTM-Pleadings@ls-law.com

## SERVICE LIST

Desiree M. Zornow, Esq.
CATANIA & CATANIA, P.A.
Bank of America Plaza, Suite 2400
101 E. Kennedy Boulevard
Tampa, Fl. 33602
desiree@cataniaandcatania.com
faith@cataniaandcatania.com
efiling@cataniaandcatania.com